*R. aust.*

| | |
|---|---|
| MARSHALL L. NIXON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO.: CV210-005 |
| | ) |
| | ) |
| HUGH A. SMITH, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marshall Nixon ("Nixon"), who is currently incarcerated at Dodge State Prison in Chester, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Wayne County Superior Court. Respondent filed a Motion to Dismiss, to which Nixon responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

At a jury trial in the Superior Court of Wayne County in June 2001, Nixon was convicted of malice murder. Nixon also pleaded guilty to being a felon in possession of a firearm. Nixon received a sentence of life imprisonment for the murder conviction and five years imprisonment for the firearm conviction, to be served concurrently. (Doc. No. 16, p. 1). Nixon unsuccessfully moved for a new trial. Nixon filed an appeal with the Georgia Supreme Court claiming ineffective assistance of counsel. The Georgia Supreme Court found that Nixon had not been denied effective assistance of counsel

AO 72A
(Rev. 8/82)

and affirmed Nixon's convictions. Nixon v. State, 611 S.E.2d 9 (Ga. 2005). Nixon then filed an action under 28 U.S.C. § 2254 in this court, alleging that he received ineffective assistance of counsel. That petition was denied on November 29, 2006. Nixon v. Brown, CV 206-150 (S.D. Ga. 2006).

Nixon has filed this action under 28 U.S.C. § 2254, again challenging his murder and firearm convictions. Nixon continues to assert that he was denied effective legal counsel and adds claims that he was convicted under an invalid indictment that was not returned in open court. Respondent asserts Nixon's petition should be dismissed because it is successive and this Court lacks jurisdiction over the petition. (Doc. No. 16 p. 1).

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Nixon has failed to obtain authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Nixon's petition is time-barred under 28 U.S.C. § 2244(d).

Petitioner's objections to Respondent's Motion to Dismiss include a claim that 28 U.S.C. § 2244(b)(3) does not limit the Court's jurisdiction under 28 U.S.C. § 1651. Petitioner also asserts that the current petition should not be dismissed as it is based on "newly discovered evidence," in accordance with 28 U.S.C. § 2244(b)(2)(B)(i).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphases added).

In the case *sub judice*, Nixon has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive

petition.[1] Also, the factual predicate for the claim could have been discovered previously through the exercise of due diligence. Thus, Nixon's petition is barred under the gatekeeping provision and should be dismissed. <u>See</u> 28 U.S.C. § 2244(b).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Nixon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this _1st_ day of July, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. <u>Guenther</u>, 173 F.3d at 1329. Nixon's petition filed with this Court on June 16, 2006, was dismissed with prejudice. (CV206-150, Doc. No. 12).